# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# IN ADMIRALTY

ACCELERANT SPECIALTY )
INSURANCE COMPANY, )
)
      Plaintiff, )
) Case. No.
  v. )
)
MICHAEL BIDA, )
)
      Defendant. )
_____)

## PLAINTIFF ACCELERANT SPECIALTY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, ACCELERANT SPECIALTY INSURANCE COMPANY, by and through its undersigned counsel, pursuant to 28 U.S.C. §2201 and Rule 9(h) of the Federal Rules of Civil Procedure, as well as the Local Rules of the United States District Court for the Eastern District of Michigan, and for its Complaint for Declaratory Judgment would respectfully state as follows:

### PARTIES, JURISDICTION, and VENUE

1.    This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Eastern District of Michigan as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Insured named therein, MICHAEL BIDA, alleged to be located at 2162 Cumberland Rd., Rochester Hills, MI 48307.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, §1333.

4. Plaintiff, ACCELERANT SPECIALTY INSURANCE COMPANY, (hereinafter "ACCELERANT") is a domestic surplus lines insurer organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia.

5. Upon information and belief, the Defendant, MICHAEL BIDA (hereinafter "BIDA"), is a resident and citizen of the State of Michigan.

**FACTUAL ALLEGATIONS**

6. At all times relevant hereto, ACCELERANT's agent was Rivington Insurance Services, LLC (hereinafter "Rivington").

7. On or about August 31, 2022, BIDA submitted to Rivington an application for a policy of marine insurance to cover the *Blue Bird*, a 2016 48' Robertson & Caine with Yanmar twin 57hp diesel engines, bearing hull ID number

2

RACAS1171516 (hereinafter "the Vessel").  The Application is attached hereto as Exhibit 2.[1]

8. In response to a specific question on the Application, BIDA represented that he had never been convicted of a criminal offense.  Ex 2, p. 5.

9. In reliance on the truth of the material facts disclose with the Application, Rivington agreed to issue Policy No. CSRYP/217031 (hereinafter "the Policy"), incepting September 1, 2022.  The Policy is attached hereto as Exhibit 3.

10. The Policy states:

**9. General Conditions & Warranties**

…

xiii. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to Our acceptance or continuance of this insurance.  No action or inaction by Us shall be deemed a waiver of this provision.

Ex 3, p. 14.

11. The Policy states:

**11. Service of Suit, Choice of Law And Forum;**

**It is hereby agreed that any dispute or claim arising hereunder (including non–contractual disputes or claims), or in connection with this Insuring Agreement, shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, any dispute or claim arising hereunder (including non–contractual**

---

[1] The Civil Cover Sheet is attached hereto as Exhibit 1.

3

**disputes or claims), or in connection with this Insuring Agreement, is subject to the substantive laws of the State of New York.**

Ex 3, p. 18 [emphasis in original].

12. The Policy states:

It is also hereby agreed that any dispute arising hereunder shall be subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the Federal District court within which you the Assured resides or the Federal District court within which your insurance agent resides.

Ex 3, p. 18.

13. On October 3, 2022, Rivington received the first notice of loss from BIDA's agent. The notice of loss reported that the Vessel ran aground near Cucumber Island off the coast of Georgia.

14. Following the report of the loss, ACCELERANT caused to be conducted a full investigation into the causes and circumstances surrounding the loss.

15. ACCELERANT's investigation of the loss established that, at the time the Application was submitted, BIDA had two criminal convictions; (1) a DUI in Arizona in 2004 and (2) a DUI in Arizona in 2006.

16. ACCELERANT's investigation of the loss established that, at the time the Application was submitted, BIDA failed to truthfully disclose his history of criminal convictions.

17. Had BIDA's history of criminal convictions been truthfully disclosed, RIVINGTON would have refused to issue the Policy, would have issued the Policy with different terms, or would have issued the Policy for a higher premium.

18. Notwithstanding the facts established by ACCELERANT's said investigation, BIDA has made a claim against the Plaintiff under the terms of the Policy demanding payment for the damage suffered when the Vessel ran aground.

## FIRST CAUSE OF ACTION
(Material Misrepresentation, Policy No. CSRYP/217031)

19. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 18 as if set forth fully herein.

20. The Policy states:

xiii. This contract is null and void in the event of a non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

Ex 3, p. 14.

21. The Policy states:

**11. Service of Suit, Choice of Law And Forum;**

**It is hereby agreed that any dispute or claim arising hereunder (including non–contractual disputes or claims), or in connection with this Insuring Agreement, shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, any dispute or claim arising hereunder (including non–contractual**

**disputes or claims), or in connection with this Insuring Agreement, is subject to the substantive laws of the State of New York.**

Ex 3, p. 18 [emphasis in original].

22. ACCELERANT's investigation of the loss established that, prior to the issuance of the Policy, BIDA failed to truthfully disclose that he had two criminal convictions; (1) a DUI in Arizona in 2004 and (2) a DUI in Arizona in 2006.

23. Truthful disclosure that BIDA had two criminal convictions would have caused Rivington's underwriter to either refuse to issue the Policy, issue the Policy with different terms, or issue the Policy for a higher premium.

24. BIDA's failure to truthfully disclose his criminal convictions was a breach of the express and implied federal admiralty law duty of *uberrimae fidei* ("utmost good faith") and renders the Policy void *ab initio*.

25. BIDA's failure to truthfully disclose his criminal convictions was a breach of the Policy's express duty to truthfully disclose material facts and renders the Policy void *ab initio*.

26. Notwithstanding the lack of any coverage under the Policy for the damage suffered as a result of the grounding, Defendant has made demand upon Plaintiff for payment of an amount equal to the cost to repair the Vessel insured under the said terms of the Policy.

27. As a result of the aforesaid lack of coverage under the terms of the terms of the Policy, Plaintiff has sustained actual prejudice and seeks this Court's

Declaratory Judgment regarding the coverage afforded by the Policy. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations.

28. As a result of the Defendant's demand for payment under the terms of the Policy attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that Policy No. CSRYP/217031 affords no coverage for the loss, and is void from its inception, due to the Defendant's failure to truthfully disclose BIDA's history of criminal convictions;

(B) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

                                              Respectfully submitted,

                                              PLUNKETT COONEY

                                              */s/ Michael D. Hanchett*  
                                              Michael D. Hanchett (P80974)  
                                              Attorney for Plaintiff  
                                              38505 Woodward Ave., Ste. 100  
                                              Bloomfield Hills, MI 48304  
                                              (248) 594-8689  
Dated: January 10, 2023               mhanchett@plunkettcooney.com

Open.P1436.P1436.30317714-1